# JANUARY, 1927

## J. V. WEST V. CHARLES A. PIPPEN, DISTRICT JUDGE.

No. 4726.   Decided January 19, 1927.
(290 S. W., 154).

**Mandamus—District Judge.**

Mandamus being sought to require a district judge to try the question of sanity of one under conviction in his court for crime, the application is dismissed at relator's instance, it being made to appear that respondent consents to and will try such issue at earliest convenience.   (Pp. 312,. 313)..

Original application by West to the Supreme Court for writ of mandamus against Pippen.

The Supreme Court referred the application to the Commission of Appeals, Section B, for its opinion which is here adopted and the petition dismissed as therein recommended.

*Reese D. Wade,* for petitioner.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

In April, 1926, in Criminal District Court No. 2 of Dallas County, Texas, one W. V. West was duly convicted of murder and his punishment assessed at confinement in the penitentiary for life; an appeal was duly perfected and said judgment affirmed by the Court of Criminal Appeals in October, 1926; while the said defendant was still confined in the county jail at Dallas, his brother, J. V. West, through his counsel, sought and obtained the permission of the Supreme Court to the filing of a petition for mandamus against Hon. C. A. Pippen, judge of said Crim-

inal District Court, and the clerk thereof. The petition alleges that the insanity of the defendant was not pleaded in his defense upon the trial at which he was convicted; that he was insane at that time and is still insane; that a proper request, under the statute relating thereto, was made of Judge Pippen, urging him to permit the filing of a motion and affidavits in his court seeking for the said defendant a trial as to his sanity.

The mandamus proceeding was, in due time, transferred to our court for consideration. It was set down for submission on January 6, 1927. No one appeared to argue the cause orally and it was submitted upon the record. We now find in the record a waiver of service and also a letter from Judge Pippen, the letter stating that if this matter "had been regularly presented" to him, he would not have caused relator the trouble and expense of going to the Supreme Court for relief. We quote further from his letter as follows:

"Permit me to state further that I had the clerk in my Court to file his application for a hearing and advised his attorney by mail that I would set the case down for hearing at the earliest time convenient for my Court, which would be some time in January."

The file of papers also shows that on December 28, 1926, counsel for relator wrote the clerk of our court as follows:

"In re the case of J. V. West v. Charles A. Pippen, District Judge, petition for mandamus, I would like to say that Judge Pippen has agreed to allow the petition filed in his court and has also agreed to hear the case and I guess that the case should be dismissed since we have all the relief that the petition for mandamus asked for."

On January 7, 1927, counsel for relator filed in the Supreme Court motion No. 7414, formally requesting that the petition for mandamus be dismissed.

It seems quite clear that this insanity plea will be heard by Judge Pippen at his earliest convenience, and, at any rate, during the present month. This court should not, in any event, issue a mandamus compelling an officer to perform a duty which he is voluntarily agreeing to perform. Therefore, it is not necessary for us to proceed with this cause and determine whether or not the writ should be granted as prayed for. We think the motion to dismiss should be granted.

We recommend that the petition for mandamus be dismissed at the cost of relator.

Petition dismissed at the cost of relator, as recommended by the Commission of Appeals.    *C. M. Cureton,* Chief Justice.